7UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DEMOND BRANCH, #229690, ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-225 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| GREG RENARD and JULIE HESSELINK, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Branch, a prisoner under the control of the Michigan Department of Corrections, filed this lawsuit alleging violations of his civil rights. The remaining defendants, Renard and Hesselink, filed a motion for summary judgment (ECF No. 36). The Magistrate Judge issued a report recommending the Court grant the motion (ECF No. 43). Plaintiff filed an objection (ECF No. 46). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A.

Generally, Plaintiff does not identify specific objections to any finding of fact or conclusion of law in the R&R. In his objection, Plaintiff makes a single reference to the R&R in the first sentence of the document. Thereafter, Plaintiff simply repeats the arguments he advanced in his response to the motion for summary judgment. Plaintiff's failure to identify specific objections is sufficient for this Court to adopt the R&R. Nevertheless, the Court has endeavored to address Plaintiff's concerns.

B.

1. Summary of Facts. Comparing the "Factual Allegations" portions of the R&R and Plaintiff's objection, the Court finds that the parties generally agree on the events that occurred the morning of September 7, 2018. Plaintiff does not identify any specific objections to Factual Allegations in the R&R. Plaintiff's disagreement must, therefore, arise from the application of the facts to the law.

2. Summary Judgment Standard. In his objection, Plaintiff refers to an affidavit (ECF No. 44) he filed in which he asserts that he was not afforded sufficient discovery to oppose the motion for summary judgment. To the extent Plaintiff's reliance on his affidavit constitutes an objection, it is overruled. Plaintiff had sufficient time to conduct discovery. The Magistrate Judge granted Plaintiff's motion for an extension of time to complete discovery (ECF No. 29). Defendants filed the motion for summary judgment in July 2022. In his response, Plaintiff made a single reference to discovery requests (ECF No. 39 PageID.354) but did not assert that he was unable to respond to the motion because of a need for discovery, *see* Fed. R. Civ. P. 56(d). Plaintiff filed the 56(d) affidavit in February

2023, after the Magistrate Judge issued the R&R. Plaintiff's argument is not a proper objection. Plaintiff does not address any finding or recommendation in the R&R and does not assert any omission by the Magistrate Judge.

    3. Retaliation Claim. The Magistrate Judge found that the manner (yelling) in which Plaintiff expressed his message (the need for medical assistance) was not protected conduct. The Magistrate Judge reasons that once Plaintiff was ordered to sit does and stop yelling, his subsequent failure to follow that order could not be considered protected conduct. Plaintiff insists he engaged in protected conduct. The Court overrules Plaintiff's assertion and finds the legal authority cited in the R&R controls this dispute. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

    The Magistrate Judge also found that Defendants undermined Plaintiff's ability to show causation for a retaliation claim against Renard. In a footnote, the Magistrate Judge concluded (1) that Plaintiff did not allege a retaliation claim against Hesselink and (2) that any retaliation claim against Hesselink would fail because Hesselink could not leave her post to help Plaintiff (R&R at 9 n.2 PageID.43). Plaintiff insists he has demonstrated causation. The Court overrules Plaintiff's assertion. The Magistrate Judge correctly explained why the record establishes that Defendants would have taken the same action regardless of Plaintiff's protected conduct.

    4. Eighth Amendment. The Magistrate Judge concludes that Plaintiff failed to provide any verifiable medical evidence to show that he suffered a detrimental effect from the actions of either defendant, actions which caused a delay in receiving his insulin shot. Plaintiff insists his claim is not based on delay at all, but on the failure to obtain any medical

care at all from either defendant. The Court finds the Magistrate Judge accurately summarized the relevant law and correctly applied the facts to the law.

5. Qualified Immunity. The Magistrate Judge concludes that Defendants are entitled to qualified immunity because the record does not support the conclusion that any constitutional violation occurred. Plaintiff believes that a factual dispute precludes qualified immunity. Having rejected Plaintiff's arguments about whether the facts establish a constitutional violation, the Court will also reject Plaintiff's arguments about qualified immunity.

For these reasons, the Court **ADOPTS**, as its Opinion, the Report and Recommendation (ECF No. 43). The Court **GRANTS** Defendants' motion for summary judgment (ECF No. 36).

**IT IS SO ORDERED.**

Date:   February 28, 2023                                 /s/  Paul L. Maloney
                                                                                              Paul L. Maloney
                                                                                              United States District Judge